**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALVENO A. MILBERRY,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:05-1040 |
| v. | : | (CAPUTO, D.J.) |
| | | (MANNION, M.J.) |
| **P.B.P.P. MS. BROWN, DOC** | : | |
| **CHARLES J. WHITE,** | : | |
| **Defendants** | : | |
| | : | |

## REPORT AND RECOMMENDATION

On May 23, 2005, the plaintiff, an inmate at the State Correctional Institution, Houtzdale, ("SCI-Houtzdale"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

On June 13, 2005, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization form. (Doc. Nos. 5 & 6). The complaint will now be given preliminary consideration.

In his complaint, the plaintiff alleges violations of his constitutional rights while confined at SCI-Houtzdale, which is located in the Western District of Pennsylvania. The only named defendants to this action are officials and/or employees at SCI-Houtzdale. (Doc. No. 1). Because venue is improper in the Middle District of Pennsylvania, it is recommended that the instant action be transferred to the Western District of Pennsylvania where venue is proper.

In a civil action not based solely on diversity, venue is proper:

only in (1) a judicial district where any defendant resides, if all

Case 3:05-cv-01040-ARC   Document 9   Filed 06/28/05   Page 2 of 3

defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, Section b(1) does not appear to create proper venue in the Middle District of Pennsylvania as there is no indication that any of the defendants reside within this District. In fact, all of the defendants are officials and/or employees at SCI-Houtzdale, which is located in the Western District of Pennsylvania, and presumably reside within that District.

Section b(2) does not create proper venue in the Middle District of Pennsylvania because all of the violations are alleged to have occurred at SCI-Houtzdale, which is located in the Western District of Pennsylvania.

Finally, Section b(3) can be used as a basis for venue in a District only when proper venue cannot be reached through sections (1) and (2) in another District. In this case, the Western District of Pennsylvania provides proper venue because the defendants are all located there and all of the events complained of occurred in that District. These circumstances satisfy sections b(1) and b(2) of the statute.

When venue is improper in the District where an action is brought, the court may dismiss, or in the interest of justice, transfer the action to a District where the action could have been brought. 28 U.S.C. § 1406(a). Because

2

the instant action is in its early stages, the interests of justice lean in favor of transfer rather than dismissal.  Courts in this District have, sua sponte, ordered transfers in prisoner cases when venue is improper.  See Jones v. Warden, Berks County Prison,  Civil Action No. 04-2310 (M.D. Pa., November 8, 2004)(McClure,J.); Bowker v. USA, Civil Action No. 04-1563 (M.D. Pa., December 2, 2004)(Conner,J.); Homily v. Klugewicz, Civil Action No. 02-0860 (M.D. Pa., July 6, 2004)(Jones,J.).

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the instant action be transferred to the United States District Court for the Western District of Pennsylvania.

                                          s/ Malachy E. Mannion
                                          **MALACHY E. MANNION**
                                          **United States Magistrate Judge**

Dated:   June 28, 2005

O:\shared\REPORTS\2005 Reports\05-1040.lp.wpd

3